PROB 12C
(7/93)

Report Date: June 4, 2015

# United States District Court

for the

Eastern District of Washington

Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Alyson Start                     Case Number: 0980 2:13CR00117-RMP-1

Address of Offender: ███████████████  Spokane, Washington 99223

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, Chief U. S. District Judge

Date of Original Sentence: December 20, 2010

| Original Offense: | Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349 | |
|---|---|---|
| Original Sentence: | Prison 33 months; TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Aine Ahmed | Date Supervision Commenced: May 17, 2013 |
| Defense Attorney: | Amy Rubin | Date Supervision Expires: May 16, 2016 |

## PETITIONING THE COURT

**To issue a summons.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number     Nature of Noncompliance

1    **Special Condition # 22**: You shall not be self-employed nor shall you be employed by friends, relatives, associates or persons previously known to you, unless approved by the U.S. Probation Officer. You will not accept or begin employment without prior approval by the U.S. Probation Officer and employment shall be subject to continuos review and verification by the U.S. Probation Office. You shall not work for cash and your employment shall provide regular pay stubs with the appropriate deductions for taxes.

**Supporting Evidence**: On April 13, 2015, the undersigned officer received a phone call from Ms. Start inquiring about the possibility of applying for what she stated was a "promotion" at work. Ms. Start stated that she was considering applying to be a realtor assistant for Re/Max in Spokane, but stated that individuals in that position were required to apply for a business license because they could potentially work for any real estate agency.  The offender stated that she would not have access to any additional information than she did in her current position as front desk clerk with Re/Max, but stated that she would be working more closely with real estate agents. The undersigned officer notified Ms. Start that a third party notification would need to be made to the supervisor of the position, based on her criminal history, but that pending a successful notification to her supervisor the undersigned officer did not have any concerns based on the job information that she was providing, and would approve the job change should she decide to pursue it.

Prob12C  
**Re: Start, Alyson**  
**June 4, 2015**  
**Page 2**

On June 1, 2015, Ms. Start, and her boyfriend (Mr. Jason Juliano who is also on supervision with this officer), reported to the U.S. Probation Office. During our conversation, Ms. Start stated that she had begun her new position at work, that she still worked for Re/Max, and that her supervisor has remained the same. The undersigned officer confirmed the name and contact information for her previous supervisor at Re/Max when she was a front desk clerk, and Ms. Start confirmed that the information was accurate. The undersigned officer let Ms. Start know that a third party risk notification to her supervisor would still need to be completed, and she stated that was not a concern, as her supervisor was aware of both her criminal history and her status on supervision.

Upon the departure of Mr. Juliano and Ms. Start, the undersigned officer attempted to verify the information presented. Upon contacting the aforementioned supervisor, the undersigned officer learned that Ms. Start was in fact no longer an employee of Re/Max, but rather an "independent contractor" for any Re/Max agent who wanted to utilize her offered services. The supervisor did state that Ms. Start would not have any access to finances or money in this position, and that having access to such items would be prohibited by law based on her position. The supervisor stated that Re/Max would no longer be involved in any way with her payroll and stated that Ms. Start would now be responsible for tracking and reporting her own income.

The undersigned officer then placed two calls to Ms. Start on June 1, and June 2, 2015, to clarify the information previously received by the probation office. In these phone calls, Ms. Start confirmed that she was an independent contractor, and stated that she had previously taken out a business license in the name of Elite Transactions. The offender stated that she also added her boyfriend, Jason Juliano, to the business license. The undersigned informed Ms. Start that the information she had previously provided to me appeared to be inaccurate, as she no longer worked for Re/Max, no longer had a supervisor and was self-employed. Ms. Start stated that we must have had a "miscommunication."

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 06/04/2015

s/ Chris Heinen

Chris Heinen  
U.S. Probation Officer

Prob12C
**Re: Start, Alyson**
**June 4, 2015**
**Page 3**

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[x]   The Issuance of a Summons
[ ]   Other

*Roshuna Malouf Peterson*
Signature of Judicial Officer

June 5, 2015
Date